THOMAS CONNELLY, JR.,

v.

THOMAS CONNELLY, SR.

*Mortgages—Cancellation—Evidence.*

In a suit to cancel a mortgage and note thereby secured, held by defendant as assignee, which complainant alleges were paid by defendant out of money received by him in conducting complainant's business, this court sustains a decree for complainant.

[Opinion filed May 28, 1890.]

APPEAL from the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge, presiding.

Mr. E. MEERS, for appellant.

Mr. J. T. DONAHOE, for appellee.

UPTON, P. J.   Prior to July 1, 1885, the complainant had purchased, and was occupying with his family as a homestead, the following real estate, viz.: sub-lot 6, and the south twenty-two feet of sub-lots 7 and 8, in Osgood's subdivision of lots 6 and 7, in block 1, in school section addition to Joliet, in Will county, Illinois, with the buildings and improvements thereon.

This property was incumbered by a mortgage for purchase money to one Patrick Fahey, dated March 30, 1885, executed by complainant and his wife (including homestead waiver) and duly recorded.   The mortgage was given to secure a note of the complainant, given in part for the purchase money of said property, for the sum of $2,000, of even date with the mortgage, payable on or before three years from the date thereof, with interest at six per cent per annum.

The buildings situate upon the premises had been fitted up by the complainant as a residence for his family, a boarding-

house and saloon, at considerable cost and expense to complainant.

The boarding house was managed and conducted by complainant's wife, at her instance and request, and she received the moneys derived therefrom.

The complainant, on the 1st of July, 1885, opened his saloon in the said building, paying a license therefor for one year, amounting to the sum of about $1,027.50, with his own means.

The license, for the sake of convenience in giving the bond required, was taken in the name of the defendant, who is a son of the complainant, by consent of all parties in interest.

The complainant personally managed and conducted the saloon, made the purchase of necessary stock and furniture therefor for about two months, the money obtained therefrom being used for the support of complainant's family and to pay off the said mortgage debt, when the defendant, claiming that the complainant was addicted to the use of intoxicating liquors to such an extent as to render him unfit to conduct the business in the saloon, forcibly took the keys of the saloon from the complainant, took charge thereof and carried on the business thereat, excluded complainant from all participation in that business, and from thence until the hearing below continued to carry on the business on his own account therein, paying no rent for the saloon property to complainant, or any one in his behalf.

From the proceeds of the business and the profits therefrom accruing the defendant paid the note of $2,000 so given by the complainant, and caused an assignment thereof to be made thereon in blank, and took the said mortgage into his own possession, without cancellation or release thereof or offer to surrender the same to complainant, and claims and still insists that he is the rightful holder and owner thereof, and threatens to enforce the collection of said note against complainant out of the mortgaged estate.

The court below found, upon the hearing (and we are entirely satisfied with that finding), that the taking posses-

sion of the saloon by defendant was in its inception a family affair, and done with the intent and purpose of protecting all parties in interest, and, by so doing, to enable and insure the payment of the mortgage indebtedness, and save the mortgaged premises as a homestead for the family and the complainant.

It appears that in conducting business at the saloon the defendant kept no books of accounts, and he claimed and insisted in the trial court that he conducted the business on his own account, and that complainant had no rights therein, and that he was in no manner bound to render any account thereof.

It further appears that the complainant knew that the defendant was conducting the business, with the aid and assistance of the younger children of complainant's family, and made no request that books of accounts be kept of the business, and that the defendant, when he entered into said business, had no experience therein, and but little pecuniary means to carry on the same. That the assistance rendered to the defendant in conducting the business by the members of the complainant's family was wholly without compensation asked or paid therefor, and the business was remunerative and profitable.

The bill and its amendments and the prayer thereof sought to compel the defendant to cancel the said mortgage of $2,000 and release the lien thereof upon the property therein described, and that the defendant cancel and deliver the note thereby secured to complainant, and render an account of his receipts and disbursements in conducting the saloon, etc.

The answer traversed the allegations of the bill, and denied complainant's equities as stated therein, or his right to have an account as therein prayed, and insisted that complainant was indebted to him, etc. On replication filed, the Circuit Court, after full hearing, found that the transaction was a family arrangement in which complainant acquiesced, in its inception, and that no account was kept by the defendant of the amount of money paid or received in the saloon business, or what part had been used and expended in the support of complainant's family, and that complainant knew of that fact

and acquiesced therein; decreed that the complainant was not entitled to an accounting, but was entitled to a cancellation and surrender of the $2,000 note, and the release of the mortgage given to secure the same; which surrender, cancellation and release was decreed to be made by the defendant within thirty days, etc.; from which finding and decree an appeal was taken to this court.

The errors relied upon in the contention before this court are that the trial court erred in entering the decree, and that the same is unjust and contrary to equity.

It will be observed that the defendant below (appellant) did not ask for an accounting; indeed, in his answer he strenuously insisted that he was in no manner liable to account to or with complainant, and that it would be inequitable and unjust to require him to account. We think the appellee (complainant below) would be justified in calling for an account, *but he is not complaining;* certainly it seems to us the appellant is not in a position now to complain that an account was not taken.

We have examined this record with care, and we think the business transacted in the saloon was the business of and belonged to complainant (appellee), with the profits therefrom derived.

The complainant owned the building, fixtures and property in which the business was conducted; paid $1,027.50 for the license with which to commence it, besides the rent of the saloon, for which he has not been paid, either in whole or in part. This, with what would have been the equitable profits of the business without payment of rent, as shown by the facts and circumstances in the record before us, would amount to a much larger sum than the price paid by the defendant for the mortgage and note, and have allowed the defendant sufficient wages for his service in conducting the business; besides, we think the Circuit Court did ample justice to all parties in treating the transaction as a family arrangement, and the money paid for the note and mortgage by the defendant as the money of the appellee (complainant); and that in equity and justice the Circuit Court did not err in decreeing the can-

cellation and surrender of the $2,000 note and the mortgage to the complainant, and decreeing that said note and mortgage was paid, and should be released and discharged of record.

Finding no error in the proceedings and decree of the Circuit Court, the same is affirmed.

*Decree affirmed.*